IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA for the use of GARY SEAY, d/b/a G&S EQUIPMENT & CONSTRUCTION and RIMROCK ENTERPRISES, INC., <br><br> Plaintiffs, <br><br> v. <br><br> JEMARI GROUP, INC. AND THE INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA, <br><br> Defendants. | CIVIL ACTION NO. H-02-3877 |

## ORDER

Pending before the court is the Motion of Use Plaintiffs, Gary Seay, d/b/a G&S Equipment & Construction and Rimrock Enterprises, Inc. (collectively referred to as "Use Plaintiffs") to Reconsider Use Plaintiffs' Request for Entry of Default and Motion for Default Judgment and Alternatively, Motion for Summary Judgment. (Doc. 45.) Also pending is the Motion of Defendant, Mary Randall, to Deny Use Plaintiffs' Request for Entry of Default and Motion for Default Judgment and Alternatively, Motion for Summary Judgment (Doc. 46), and Mary Randall's Request for Trial. (Doc. 51.)

**I.     Background**

After Findings of Fact and Conclusions of Law (Doc. 22) and Final Default Judgment (Doc. 23) had been entered against Defendant Jemari Group, Inc., on October 2, 2003, pursuant to Fed. R. Civ. P. 15(a), Use Plaintiffs, Gary Seay, d/b/a G&S Equipment & Construction and Rimrock Enterprises, Inc. (collectively referred to as "Use Plaintiffs") filed a Motion for Leave to File a First Amended Complaint adding Edward and Mary Randall (the "Randalls," unless referred to individually), the shareholders of Jemari Group, Inc., as Defendants (Doc. 28). Defendants asserted that because the Randalls had failed to properly capitalize Jemari Group, Inc.,

breached their fiduciary duties to Jemari Group, Inc., and acted with fraud when dealing with Use Plaintiffs under the Rimrock Subcontract and the G&S Subcontract, the Randalls needed to be added as Defendants to the action because of their responsibility under the contracts. (*Id*. at pp. 1-2.)

Use Plaintiffs' Amended Complaint alleged specific allegations against Edward and Mary Randall, as grounds for piercing the corporate veil of Jemari Group, Inc., and holding each personally responsible.[1] The court allowed the aforementioned amendment to the complaint on

---

[1] Defendants, Edward Randall and Mary Randall, are the officers, directors, and sole shareholders of Defendant, Jemari Group, Inc. Edward Randall and Mary Randall never intended to pay Rimrock Enterprises, Inc. for any work performed under the Rimrock Subcontract. (Doc. 29, ¶ 33.)

Defendants Edward and Mary Randall never intended to pay Gary Seay for any work performed under the G&S subcontract. (Doc. 29, ¶ 34.)

Use Plaintiffs would show that the corporate fiction that allows Jemari Group, Inc., to exist was and is a sham used and perpertrated by Edward Randall and Mary Randall to allow them to escape responsibility for their fraudulent actions. (Doc. 29, ¶ 35.)

Use Plaintiffs would further show that Jemari Group, Inc. is organized and operated as a mere tool or business conduit of Edward Randall and Mary Randall. (Doc. 29, ¶ 36.)

Use Plaintiffs would further show that Jemari Group, Inc.'s corporate form was created and used to allow Edward Randall and Mary Randall to evade the legitimate obligations of running their business. (Doc. 29, ¶ 37.)

Defendants, Edward and Mary Randall, embezzled funds from Jemari Group, Inc., leaving nothing in the Corporate Accounts to pay its creditors. As shareholders and directors of Jemari Group, Inc. Edward Randall and Mary Randall owed a fiduciary duty to Jemari Group, Inc., to maintain enough funds to pay its subcontractors. Edward Randall and Mary Randall submitted pay requests to the United States Army Corp of Engineers for work performed under the Rimrock and G&S Subcontracts, but refused to pay that money to Use Plaintiff after receipt. (Doc. 29, ¶ 38.)

Defendants, Edward Randall and Mary Randall, had a duty to act in Jemari Group, Inc.'s best interest. Edward Randall and Mary Randall breached that duty when they chose to breach the Rimrock and G&S Subcontracts and take money from Jemari Group, Inc., that they knew belonged to the creditors of Jemari Group, Inc. Nothing in Edward Randall's and Mary Randall's actions described herein above could be construed as their acting on behalf of the Corporation. Rather, their actions were motivated strictly by self-interest. (Doc. 29, ¶ 39.)

For the above reasons, Use Plaintiffs ask the Court, under the provisions of Tex. Bus. Corp. Act Art.2.21(A) and (B), to hold the shareholders and owners of Jemari Group, Inc., liable, to the extent fraud, was perpetrated by the shareholders and owners or for their benefit, for any breach of contract or tort arising out of a contractual obligation which has been committed by Jemari Group, Inc. (Doc. 29, ¶ 40.)

October 29, 2003. (Doc. 30.) Subsequently, with the addition of these two defendants, the court vacated the transfer of the case to Magistrate Judge Frances Stacy. (Doc. 31.) On October 31, 2003, Use Plaintiffs allege they served Defendants with summons and a copy of Use Plaintiffs' First Amended Complaint. (Doc. 45, p. 2, ¶ 6.) On November 24, 2003, a letter signed by Edward and Mary Randall, purporting to be an "Answer to Summons Received October 31, 2003," was filed with the court. (Doc. 34.) On December 1, 2003, Use Plaintiffs filed a Request for Entry of Default and Motion for Default Judgment, wherein they argued with respect to Defendant Mary Randall, that because she did not file a responsive pleading or otherwise defend the suit within 20 days, and because the court had already determined the amount of damages sought in its hearing on damages, conclusions of fact and law, and final judgment, entry of default and default judgment against her was necessary. (Doc. 35.) Furthermore, on January 29, 2003, Use Plaintiffs filed an Agreed Stipulation of Dismissal, wherein they sought dismissal of their claims against Defendant, The Insurance Company of Pennsylvania, with prejudice, and the dismissal of Edward Randall, whom Plaintiffs asserted they had been unable to serve, without prejudice (Doc. 39); the court subsequently granted these dismissals. (Doc. 40.) This left Defendant, Mary Randall as the *sole* Defendant in the action.

The court then issued an order in which it advised Mary Randall that although the letter filed on November 24, 2003, had been entered as an answer on the docket, such "answer" was not in proper form, and while the court temporarily denied Use Plaintiffs' Request for Entry of Default (Doc. 35), it ordered Mary Randall to file an amended answer within twenty (20) days if she wished to contest the suit. (Doc. 41.) Mary Randall, acting *pro se*, filed a document she apparently wished to be construed as an answer (Doc. 42) which is, at best, a recitation of the letter which the court had previously deemed a nonconforming answer; Mary Randalls new answer largely repeated the same language of the letter which the court did not accept, and therefore the court ordered that Use Plaintiffs could reurge their motion for default and default judgment if they felt the answer was not a conforming answer. (Doc. 44.) Thereafter, Plaintiffs filed a Motion to

Reconsider Use Plaintiffs' Request for Entry of Default and Motion for Default Judgment and Alternatively, Motion for Summary Judgment presently pending before the court. (Doc. 45.)

**II.        Argument and Analysis**

Use Plaintiffs seek default and default judgment against Mary Randall under Fed. R. Civ. P. 55(a) and (b)(2).

Use Plaintiffs point out that Mary Randall's untimely "Answer," even after she was given time to amend it by the court, never comported with Fed. R. Civ. P. 8(b) either by making specific defenses or denials or a general denial. (Doc. 45, p. 3-4, ¶ 15.) The court notes that Rule 8(b) also states that "Denials shall fairly meet the substance of the averments denied," and Mary Randall's answer was not only initially untimely (Doc. 35, Rick Deal Aff., Exh. A.) but also has never met Use Plaintiffs' allegations.

Furthermore, Use Plaintiffs assert they served their Request for Admission on Mary Randall on April 30, 2004 (Doc. 45, p. 2, ¶ 9; Exh. A), to which they received responses on May 19, 2004 (*Id.*, p. 3, ¶ 10; Exh. B.) Use Plaintiffs point out that Mary Randall responded to each Request for Admission with "No Comment," failing to admit or deny each admission. (*Id.* at ¶ 10.) This was in spite of the fact that the Request for Admissions notified Mary Randall to "serve an answer to each request separately and fully, in writing and under oath." (*Id.*, Exh. A.) Fed. R. Civ. P. 36(a) provides that an request for admission is admitted unless within 30 days of service of the request, the party to whom the admission is directed serves a written answer or objection. If default is entered, the defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established." *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) (*citing Ohio Central Railroad Co. v. Central Trust Co. of New York*, 133 U.S. 83, 91 (1890)).

Taking Mary Randall's response of "No Comment" as to each request as an admission of such request, Use Plaintiffs point out that Mary Randall has admitted that the

corporate form of Jemari was used as a sham to perpetrate a fraud, that the corporation was organized and operated as a mere tool or business conduit of another, that it was used to escape an existing legal obligation, that it was inadequately capitalized so as to work an injustice, and that it was to be used to perpetrate an actual fraud and was in fact used to perpetrate a fraud on Use Plaintiffs for Mary Randall's direct, personal benefit. (Doc. 45, ¶¶'s 28-34.) In a response to this motion, Mary Randall asserts that she "perceived Request for Admission as an instrument to intimidate and embellish the truth." (Doc. 46, p. 2.) Though Mary Randall makes several other statements, which the court has read, she does not present her response in a proper form, or provide the court with an explanation for her failure to properly respond to Use Plaintiffs' motions and requests. She does not seek to withdraw her admissions. She provides no excuse or explanation for her failure to engage in the litigation of this case.

Use Plaintiffs also reassert (Doc. 45, ¶ 20) that the court has already entered a final default judgment against Jemari Group, Inc. for Gary Seay, d/b/a G&S Equipment and Construction for the sum of $183,000, for prejudgment interest at a rate of 1.10 % running from January 30, 2002, to the date of entry of judgment, and postjudgment interest at 1.10 %, and costs (Doc. 23). The court also awarded to Rimrock Enterprises, Inc. against Jemari Group, Inc., the amount of $234,891.54, with prejudgment interest at a rate of 1.10% from October 29, 2001, until the date of entry of judgment, and postjudgment interest at 1.10% and costs. (*Id*.) Finally, the court had also awarded both Gary Seay, d/b/a G&S Equipment & Construction and Rimrock Enterprises, Inc., the amount of $167,156.61 in attorneys fees. (*Id*.) Defendants assert that an independent determination of damage therefore need not be made as the claims against Mary Randall relate entirely to her personal responsibility for the debts owed by Jemari Group, Inc. (Doc. 45, ¶ 35.)

Accordingly it is hereby

ORDERED that the Motion of Use Plaintiffs, Gary Seay, d/b/a G&S Equipment & Construction and Rimrock Enterprises, Inc., to Reconsider Use Plaintiffs' Request for Entry of Default and Motion for Default Judgment and Alternatively, Motion for Summary Judgment.

(Doc. 45) is GRANTED and DEFAULT IS ENTERED against Defendant, Mary Randall; it is further

ORDERED that DEFAULT JUDGMENT is entered in favor of Use Plaintiffs, Gary Seay, d/b/a G&S Equipment & Construction and Rimrock Enterprises, Inc. against Defendant, Mary Randall, such that:

Gary Seay, d/b/a G&S Equipment and Construction may recover against Mary Randall the sum of $183,000, prejudgment interest at 1.10 % running from from January 30, 2002 to the date of entry of judgment, and postjudgment interest at 1.10 %, and costs, and

Rimrock Enterprises, Inc. may recover against Mary Randall the amount of $234,891.54, prejudgment interest at 1.10% from October 29, 2001 until the date of entry of judgment, postjudgment interest at 1.10%, and costs; and, it is further

ORDERED that both Gary Seay, d/b/a G&S Equipment & Construction and Rimrock Enterprises, Inc., are awarded their attorneys fees in the amount of $167,156.61, but may file an additional request for additional attorneys' fees in an amount reflecting the time attorneys for Use Plaintiffs have spent prosecuting this case since the last award, if relevant; such additional request shall provide relevant affidavits and time records so that the court may determine from such documentation whether Use Plaintiffs' counsel are entitled to further reasonable fees under *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974); and it is further

ORDERED that the Motion of Defendant, Mary Randall, to Deny Use Plaintiffs' Request for Entry of Default and Motion for Default Judgment and Alternatively, Motion for Summary Judgment (Doc. 46), and Mary Randall's Request for Trial (Doc. 51) are DENIED.

SIGNED at Houston, Texas, this 19th day of September, 2005.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE